JS - 6

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   EDCV11-00446-VAP(DTBx)                    Date: March 30, 2011

Title:   FEDERAL NATIONAL MORTGAGE ASSOCIATION -v- UBENZE DIAZ
================================================================
PRESENT:   HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

| Marva Dillard | None Present |
| Courtroom Deputy | Court Reporter |

ATTORNEYS PRESENT FOR            ATTORNEYS PRESENT FOR
PLAINTIFFS:                      DEFENDANTS:

   None                             None

PROCEEDINGS:   MINUTE ORDER (1) REMANDING ACTION TO CALIFORNIA SUPERIOR COURT FOR THE COUNTY OF SAN BERNARDINO, and (2) DENYING PLAINTIFF'S EX PARTE APPLICATION FOR REMAND AS MOOT (IN CHAMBERS)

     On February 8, 2011, Plaintiff Federal National Mortgage Association ("Plaintiff") filed a "Verified Complaint for Unawful Detainer" against Defendant Ubenze Diaz ("Defendant") in the Superior Court for the San Bernardino.  (Doc. No. 1 (Not. of Removal), Ex. A (Complaint).)  On March 15, 2011, Defendant, proceeding pro se, removed the action to this Court on the basis of federal question jurisdiction.  (See Not. of Removal at 3-4.)  On March 21, 2011, Plaintiff filed a an "Ex Parte Application to Remand" ("Application") and the declaration of Edward Weber ("Weber Decl.").  (Doc. No. 4.)  Finding it lacks subject matter jurisdiction, the Court remands this action sua sponte.

MINUTES FORM 11                              Initials of Deputy Clerk: jh-relief
CIVIL -- GEN                     Page 1

EDCV 11-00122 VAP (SSx)
FEDERAL NATIONAL MORTGAGE ASSOCIATION v. UBENZE DIAZ
MINUTE ORDER of March 30, 2011

    Removal jurisdiction is governed by statute.  See 28 U.S.C. §§ 1441, et seq.  The Ninth Circuit applies a strong presumption against removal jurisdiction, Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988), and "the defendant always has the burden of establishing that removal is proper," Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)).  See also In re Ford Motor Co./Citibank (South Dakota), N.A., 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); see FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction").

    Under 28 U.S.C. § 1331, the Court has original jurisdiction over civil actions "arising under" federal law.  "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).  The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a state claim preempted by federal law.  Sullivan v. First Affiliated Sec., Inc., 813 F. 2d 1368, 1372 (9th Cir. 1987).

    Defendant alleges removal is proper on the basis of federal question jurisdiction because the "Homeowner's principal claim for relief concerns Defendant's[1] wrongful foreclosure practices which action arises under 28 U.S.C. § 1331." (Not. of Removal ¶ 11.)  Defendant alleges that the "Evicting Party," here, Plaintiff, was "subject to and had to comply with the Federal Truth in Lending Act (TILA) . . ., the Real Estate Settlement Procedures Act (RESPA) . . ., Federal Trade Commission; 24 Code of Federal Regulations § 3500.10; § 10241 . . . ."  (Not. of Removal ¶ 7.)

---

[1] Defendant mistakenly refers to Plaintiff as "Defendant."

| | |
|---|---|
| MINUTES FORM 11<br>CIVIL -- GEN                       Page 2 | Initials of Deputy Clerk: jh-relief |

EDCV 11-00122 VAP (SSx)
HOUSEHOLD FINANCE CORPORATION OF CALIFORNIA v. CONNIE C. STELLY AND RICHARD A. STELLY
MINUTE ORDER of February 24, 2011

Finally, Defendant asserts the Court can exercise supplemental jurisdiction over this claim because he filed a separate federal action pending in this district, CV11-02174-GAF (VBKx), and the unlawful detainer action involves the same parties and property.  (Not. of Removal ¶ 8.)

Defendant has not met his burden of demonstrating the Court's jurisdiction over this action.  As to Defendant's argument that the Court may exercise supplemental jurisdiction, where some of plaintiff's claims fall within the court's subject matter jurisdiction, 28 U.S.C. § 1367(a) authorizes courts to exercise "supplemental jurisdiction over all other claims that are so related to claims . . . within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  "When none of the claims in the action provides an independent basis for federal jurisdiction, however, supplemental jurisdiction does not come into play."  Residential Funding Real Estate Holdings, LLC v. Chavez, No. CV 10-04488 MMM (JCGx), 2010 WL 3220065, at *1 (C.D. Cal. Aug. 12, 2010).  An action cannot be removed, therefore, "on the basis that the claims it raises are related to claims asserted in a separate federal action."  Id. (citing Chase v. Auerbach, No. 94-5892, 1994 WL 590588 *1-2 (E.D. Pa. Oct. 26, 1994) ("The removal statute provides that a state court action over which the district court has 'original jurisdiction'; may be removed; it does not say that a state court action which is related to an entirely separate action over which the district court has original jurisdiction may be removed . . . . Simply put, we do not have original jurisdiction over this as a free-standing action")); see also Fabricius v. Freeman, 466 F.2d 689, 694 (7th Cir.1972) (holding that a related case pending in federal court did not provide grounds for removal under 28 U.S.C. § 1441); In re Estate of Tabas, 879 F. Supp. 464, 467 (E.D. Pa.1995) ("Section 1367 allows plaintiffs to bring federal claims in federal court even though combined with state-law claims that would not otherwise be within the federal court's jurisdiction.  The statute is not, however, an independent source of removal jurisdiction.  To remove [a case] from state court to federal court, [defendants] . . . must first find a federal claim in the [case to be removed].  An already-existing federal action cannot provide the mechanism for removal of a non-removable state-court actions.").

EDCV 11-00122 VAP (SSx)
HOUSEHOLD FINANCE CORPORATION OF CALIFORNIA v. CONNIE C. STELLY AND RICHARD A. STELLY
MINUTE ORDER of February 24, 2011

    Defendant does not state a basis for federal question jurisdiction. From the face of the Complaint, Plaintiff's only claim is for unlawful detainer, a California state law action. See Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 10 (1983) (defendant may not remove case to federal court unless basis for federal jurisdiction apparent on the face of the complaint). Thus, no federal question is presented on the face of the Complaint, nor has a federal claim been disguised by artful pleading. Defendant accordingly has not demonstrated the Court may exercise jurisdiction on the basis of federal question, 28 U.S.C. § 1331.

    Under 28 U.S.C. § 1332, the Court also has original jurisdiction over civil actions where there is complete diversity of citizenship and the amount in controversy exceeds $75,000. Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). Though Defendant did not raise diversity as a grounds for removal, it appears there is no basis for diversity jurisdiction here because Plaintiff filed this action as a "limited civil case" with damages of no more than $10,000. (See generally Compl.) As such, this case cannot meet the statutory amount-in-controversy requirement for diversity jurisdiction. See 28 U.S.C. § 1332.

    For these reasons, the Court lacks subject matter jurisdiction. As Defendant has not met his burden of establishing that the case is properly in federal court, the Court REMANDS the action to the Superior Court for the County of San Bernardino and DENIES Plaintiff's Application as moot.

    **IT IS SO ORDERED.**